IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES EUGENE HARRIS

           Plaintiff,

v.                                CIVIL ACTION NO. 2:11-cv-00497

NORFOLK SOUTHERN RAILWAY,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) Plaintiff's Motion to Alter or Amend Judgment to Include Prejudgment Interest and to Alter or Amend the Captioned Name of a Real Party in Interest [Docket 432] and (2) Defendant Norfolk Southern Railway Company's Motion for New Trial or, in the Alternative, Remittitur [Docket 434]. Both motions were filed following a jury verdict in favor of the plaintiff, awarding $2 million for pain and suffering, $795,183.00 for lost wages and benefits, $125,000.00 for lost household services, and $57,200.00 for past medical expenses. As discussed below, the plaintiff's motion is **GRANTED** and the defendant's motion is **DENIED**. The captioned name of the defendant is hereby **AMENDED** from "Norfolk Southern Railway Corporation" to "Norfolk Southern Railway Company." The January 10, 2013 Judgment Order is amended to add the amount of **$39,224.52** for prejudgment interest. To the extent that the plaintiff also moves for a new trial on the issue of punitive damages, the motion is also **DENIED**.

**I.**    **The Plaintiff's Motion to Alter or Amend Judgment**

The plaintiff, Charles Eugene Harris ("Harris") seeks to alter or amend the judgment

1

entered in this matter on January 10, 2013 to include an award of prejudgment interest and amend the captioned name of the defendant, Norfolk Southern Railway Company ("Norfolk Southern"). Because both parties agree on the latter, the motion to amend the captioned name of the defendant is **GRANTED**.

With respect to prejudgment interest, Harris originally sought a total of $59,105.77 pursuant to West Virginia law. *See* W. Va. Code § 56-6-31. Norfolk Southern does not dispute that Harris is entitled to prejudgment interest, but disputes the amount, asserting that Harris is entitled to only $25,588.66. In his reply, Harris acknowledges that his first prejudgment interest calculation for past lost household services was in error, and has revised his total request to $39,224.52. The table below shows how the parties came up with each of their respective numbers.

|  | Harris | Norfolk Southern |
|---|---|---|
| Lost Income | $22,789.40 | $12,710.87 |
| Lost Household Services | $5,061.89 (revised) | $1,504.56[1] |
| Medical Expenses | $11,373.23 | $11,373.23 |
| Total | $39,224.52 | $25,588.66 |

Both parties agree that $11,373.23 is the proper amount of prejudgment interest on Harris's past medical expenses. However, Norfolk Southern disputes the other calculations. First, Norfolk Southern argues that the prejudgment interest on Harris's past lost income should be $12,710.87 rather than $22,789.40. In support, it argues that the jury used Table 3 of its expert George Barrett ("Barrett")'s calculations for Harris's lost wages through the age of 62, $745,183.00, and erroneously transcribed it as $795,183.00. According to Norfolk Southern, if Table 3 is used in conjunction with the plaintiff's methodology, the jury's award for past lost

---

[1] Alternatively, Norfolk Southern provides figures of $3,009.12 and $5,195.38 depending on whether a discount is applied, and depending on whether Table 13 or 14 is used.

wages and benefits would be $125,000.00, which would result in prejudgment interest in the amount of $12,710.87. On the other hand, Harris's calculation is based on Table 9 of Barrett's calculations. If this table is used, the jury's award for past lost wages and benefits would be $202,587.00, which would result in prejudgment interest in the amount of $22,789.40.

I note that none of Barrett's tables were introduced into evidence, and therefore the jury could have arrived at any number without respect to Harris's lost wages. Nonetheless, evidence supports a finding that a prejudgment interest award in the amount of $22,789.40 is reasonable. Table 3 assumed an average wage of $31,000.00 per year, while Table 9 assumed an average wage of $46,000.00 per year. (*See* Trial Tr. vol. 1 [Docket 440], at 163). Barrett testified that "there was a significant increase in [Harris's] earnings from 2006 to 2007 because he got a better-paying job at that time, which is the job that he had when he was hurt." (*Id.* at 163). Under West Virginia law, "the trial court should give the plaintiff the benefit of any doubt in the calculation of prejudgment interest" if the defendant did not submit a special interrogatory on the issue of special damages. *Beard v. Lim*, 185 W. Va. 749, 754 (1991). The jury could reasonably have used a $46,000.00 per year figure for Harris's lost wages, which would have resulted in past lost wages and benefits in the amount of $202,587.00. Accordingly, I **FIND** that Harris is entitled to prejudgment interest in the amount of $22,789.40 for his past lost wages and benefits.

Second, Norfolk Southern argues that the prejudgment interest on Harris's lost household services should be $1,504.56 (or, in the alternative, $3,009.12 or $5,195.38) rather than $24,943.14. To arrive at the $1,504.56 number, Norfolk Southern argues that the jury took the amount Harris requested in Table 14 and cut it in half to reach an award of $125,000.00. Accordingly, the past cumulative amount of the award would be $9,722.00, which is half of the cumulative amount found on Table 14 ($19,444.00). Norfolk Southern argues that Harris's

calculation is faulty because his accountant added cumulative amounts together and also added the amount for the 2013 year. Harris acknowledges this error in part, but asserts that Norfolk Southern also erroneously calculated prejudgment interest when it included a full year of interest for 2009, rather than interest beginning on the date of Harris's injury, and failed to include any days for 2013, when the date of the verdict was January 9, 2013. Harris submitted a revised number of $5,061.89, which is essentially Norfolk Southern's $5,195.38 number with the adjustments to the years 2009 and 2013.

With Barrett's tables not being introduced into evidence, it is impossible to determine whether the jury relied on any table or number mentioned during trial to arrive at its $125,000.00 award. Nonetheless, the evidence supports a finding that a prejudgment interest award in the amount of $5,061.89 is reasonable. Accordingly, I **FIND** that Harris is entitled to prejudgment interest in the amount of $5,061.89 for the value of past lost household services. In sum, Harris's motion to alter or amend judgment to include prejudgment interest is **GRANTED** in the total amount of $39,224.52, calculated as follows:

| | |
|---|---|
| Lost Income | $22,789.40 |
| Lost Household Services | $5,061.89 |
| Medical Expenses | $11,373.23 |
| Total | $39,224.52 |

## II. The Defendant's Motion for New Trial or Remittitur

Norfolk Southern argues that it is entitled to a new trial because Harris's counsel improperly injected sympathy into the jurors' minds with respect to Yvonne Harris's struggle with breast cancer, resulting in a $2 million award for pain and suffering, and because the jury's award for lost wages and medical expenses are against the clear weight of the evidence. In the alternative, Norfolk Southern also argues that it is entitled to a remittitur of $50,078.39 due to the

jury's clerical error in transcribing $795,183.00 rather than $745,183.00 in its award for lost wages and benefits, and because the jury failed to use the parties' stipulated past medical expenses in the amount of $57,121.61.

Under Federal Rule of Civil Procedure 59(a), a new trial may be granted to any party in an action in which there has been a jury trial for any reason new trials previously have been granted in United States courts. Fed. R. Civ. P. 59(a). Norfolk Southern's motion for a new trial is largely based upon the alleged excessiveness of the jury's $2 million award for pain and suffering. Whether a jury award is excessive is a question of law, and a district court sitting in diversity must apply state law standards to determine this question. *Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 280 (4th Cir. 1999). It is well-settled that in West Virginia, "[c]ourts must not set aside jury verdicts as excessive unless they are monstrous, enormous, at first blush beyond all measure, unreasonable, outrageous, and manifestly show jury passion, partiality, prejudice or corruption." *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, No. 3:04-1307, 2009 WL 3017815, at *8 (S.D. W. Va. Sept. 15, 2009) (quoting Syl., *Addair v. Majestic Petroleum Co., Inc.*, 160 W. Va. 105 (1977)).

Norfolk Southern provides little objective evidence to show that it satisfies its heavy burden under West Virginia law. First, Norfolk Southern argues that $2 million in a general damages award was "overly substantial," and that it resulted from Yvonne Harris's testimony that she was diagnosed with breast cancer. (Def. Norfolk Southern's Mem. of Law in Supp. of its Mot. for New Trial or, in the Alternative, Remittitur [Docket 435], at 4). The only support Norfolk Southern provides are citations to non-binding cases recognizing that references to cancer evokes juror sympathy. However, none of these cases involve any situations similar to the one at issue in this case. Harris provided substantial evidence at trial to support the jury's verdict

and moreover, this court provided the following instruction to the jury:

> Ladies and gentlemen of the jury, just so we can keep things focused as a legal matter on the case before us, this case is limited to compensation for the injuries sustained by Mr. Harris as a result of the railroad derailment.
>
> Mrs. Harris's prior illness has no part in this case. And her unfortunate illness and the treatment she received is not to be considered by you in any way in deciding any issue in this case.

(Trial Tr. vol. 1 [Docket 440], at 134). As the Fourth Circuit has held, such an instruction alleviates any danger of unfair prejudice that may have existed. *See, e.g.*, *United States v. Cabrera-Beltran*, 660 F.3d 742, 756 (4th Cir. 2011); *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997); *United States v. Claudio*, 447 F. App'x 456, 459 (4th Cir. 2011). Furthermore, based on the severity of the injuries Harris suffered, an award for pain and suffering much larger than $2 million could have easily been justified.

Second, Norfolk Southern argues that the jury must have made a clerical error in awarding $795,183.00 instead of $745,183.00 to Harris. Norfolk Southern bases this argument on Barrett's tables, one of which provides a total amount of lost wages and benefits in the amount of $745,183.00 at age 62. Norfolk Southern argues that there was no other basis for the jury's award in the amount of $795,183.00 and that it is clear that the jury mistakenly wrote a 9 instead of a 4. However, Barrett's tables were never entered into evidence, and were therefore unavailable to the jury during deliberations. Accordingly, there is no objective evidence that the jury intended to use Barrett's calculations, and no objective evidence that the jury mistakenly wrote a 9 instead of a 4 rather than independently arriving at the $795,183.00 number.

Finally, Norfolk Southern argues that the jury had no basis for awarding $57,200.00 in medical expenses because the parties stipulated that Harris's past medical expenses were $57,121.61. However, testimony at trial revealed that Harris made out-of-pocket payments for

certain medications, and the jury could have properly taken this into consideration.

Accordingly, Norfolk Southern's motion for a new trial or remittitur is **DENIED**.

### III. The Plaintiff's Motion for New Trial on Punitive Damages

In his response to Norfolk Southern's motion, Harris argues that the court should have allowed evidence regarding, and an award of, punitive damages. Harris's support for this argument is the same as it was at summary judgment. To the extent that this response was intended to move the court for a new trial on the issue of punitive damages, for the reasons stated in the court's Memorandum Opinion and Order [Docket 379], this motion is **DENIED**.

### IV. Conclusion

As fully set forth above, the plaintiff's motion [Docket 432] is **GRANTED** and the defendant's motion [Docket 434] is **DENIED**. The captioned name of the defendant is hereby **AMENDED** from "Norfolk Southern Railway Corporation" to "Norfolk Southern Railway Company." The January 10, 2013 Judgment Order is amended to add the amount of **$39,224.52** in prejudgment interest. To the extent that the plaintiff also moves for a new trial on the issue of punitive damages, the motion is also **DENIED**.

The court **DIRECTS** the Clerk to send of copy of this Order to counsel of record and any unrepresented party.

ENTER: March 8, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7