IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES EUGENE HARRIS

        Plaintiff,

v.                         CIVIL ACTION NO.  2:11-cv-00497

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.

**MEMORANDUM OPINION & ORDER**
(*Defendant's Motion Regarding the Scope of Remand*)

Pending before the court is Defendant Norfolk Southern Railway Company's ("Norfolk Southern") Motion Regarding the Scope of Remand [Docket 497]. On April 30, 2015, the Fourth Circuit Court of Appeals affirmed in part, reversed in part, and remanded to this court for further proceedings. This judgment took effect on May 22, 2015, through a formal mandate issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. (Mandate [Docket 491]). In conjunction with Norfolk Southern's Motion to Continue Trial Date [Docket 493], the court has been made aware of the parties' disagreement with regard to the scope of the Mandate. Accordingly, before determining an appropriate timeline for the course of this matter, I must first clarify the scope of remand.

"The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). As the Fourth Circuit Court of Appeals previously stated:

> Because this mandate rule is merely a specific application of the law of the case doctrine, in the absence of exceptional circumstances it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.

*United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993). While the district court clearly cannot give relief beyond the scope of the mandate, it may "act on matters left open by the mandate," *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997), by considering both the mandate's letter and spirit. *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 2001). Here, the Fourth Circuit reversed this court's grant of summary judgment to Harris on the issue of Norfolk Southern's liability for the accident, specifically on the issue of proximate causation. *Harris v. Norfolk S. Ry. Co.*, No. 13-1975, 2015 WL 1936843, at *13-14 (4th Cir. Apr. 30, 2015). The Fourth Circuit also affirmed this court's grant of summary judgment in favor of Norfolk Southern on Harris's punitive damages claim. *Id.* The Fourth Circuit mentions compensatory damages solely in the context of describing what happened at trial. *Id.* at 5. Accordingly, the appellate court has not expressly or impliedly offered a decision with regard to compensatory damages.

Further, I am unable to say that the new trial can be restricted to the single issue of liability, since the evidence relating to liability is so inextricably linked to damages that a fair trial upon either issue requires a trial of both issues together. *Atl. Coast Line R.R. Co. v. Bennett*, 251 F.2d 934, 938-39 (4th Cir. 1958) (explaining that the practice of limiting retrial to a specific area "should not be followed unless the issue to be retried is so distinct and separable from the others that the trial of it alone may be had without injustice"). In light of the Fourth Circuit's decision, there is a jury question as to whether Norfolk Southern would have discovered the defect even had it not breached its duty to conduct proper visual inspections. *Harris*, 2015 WL 1936843, at *13. The factual questions that now exist with regard to causation could clearly

influence the jury's determination of damages. *See Edwards Family Ltd. P'ship v. Barlow*, 915 F.2d 1564, at *7 (4th Cir. 1990) (unpublished table decision) ("We cannot say with certainty that a jury required to find dishonest conduct or the like would find that the same damage awarded here flowed from that specific conduct."). Accordingly, it is **ORDERED** that the new trial in this matter will encompass both liability and compensatory damages.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 3, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE